IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clint Walker,<br><br>                        Petitioner,<br><br>v.<br><br>Nadia Pressley, *Administrator of Williamsburg County Detention Center*,<br><br>                        Respondent. | C/A No. 4:21-cv-01837-SAL<br><br>**OPINION AND ORDER** |

*Pro se* petitioner Clint Walker ("Petitioner"), a state pretrial detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] This matter is before the court for review of the Report and Recommendation (the "Report") of Magistrate Judge Thomas E. Rogers, III, ECF No. 12, recommending that Petitioner's § 2241 petition be summarily dismissed.

## BACKGROUND

As outlined in the Report, Petitioner is currently being detained on a charge of murder and second degree arson pending before the Williamsburg County Court of General Sessions. Petitioner has filed the instant habeas action to challenge the state court process, the evidence against him in state court, alleged misconduct by the prosecution, and the delay in having his case heard. [ECF No. 1.] The Magistrate Judge recommends that Petitioner's § 2241 petition be dismissed without prejudice and without requiring Respondent to file a return. [ECF No. 12.] Petitioner filed objections, and following his objections, Petitioner filed nine letters, some of which inquire about the status of this case, and others that provide new information or raise new claims to the court. [ECF Nos. 14, 18, 19, 21, 22, 23, 24, 25, 27, 28.] The matter is ripe for ruling by the

---

[1] As explained in the Report and Recommendation, Petitioner filed his petition on a § 2254 form, but he is pursuing § 2241 relief since he has not yet been convicted. [*See* ECF No. 12 n.2.]

1

court.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL

---

[2] Also, since filing his initial objections, Petitioner filed another § 2241 case, raising the same type of claims he raises in this action. [*See Walker v. Pressley*, 4:23-cv-00135-SAL.] In that case, also, the Magistrate Judge recommended summary dismissal. The order adopting the Magistrate Judge's Report and Recommendation in that case is being filed today, as well.

4791150, at *1 (D.S.C. Oct. 23, 2017).  A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report.  In summation, Petitioner challenges a pending criminal case in Williamsburg County, South Carolina and asks his charges be dismissed and he be immediately released.  [ECF No. 1.] The Magistrate Judge found that dismissal is appropriate on abstention grounds due to Petitioner's pending state proceedings and his ability to pursue his claims in state court.  [ECF No. 12 at 2–6.]

Mostly, Petitioner's objections reargue the issues he raised in his petition or provide additional information to explain his claims.  To the extent Petitioner is reasserting his claims, he is not raising

specific objections that require additional explanation by this court. *Sims v. Lewis*, No. 6:17-cv-3344-JFA, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019) ("A specific objection . . . requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities.").

As explained by the Magistrate Judge, the *Younger* abstention doctrine precludes federal courts from intervening in ongoing state criminal proceedings, such as Petitioner's, "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). As explained by the Fourth Circuit,

> [T]he Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: [(1)] there are ongoing state judicial proceedings; [(2)] the proceedings implicate important state interests; and [(3)] there is an adequate opportunity to raise federal claims in the state proceedings.

*Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Report explains how all three prongs are satisfied in Petitioner's case, and Petitioner's objections only implicate the third prong. As such, the court focuses on the third prong here—whether "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp.*, 38 F.3d at 1396 (citing *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432).

Petitioner only directly addresses the Report to argue abstention is not appropriate in his case because "perjury, violation of Rule 48(b), ignoring a[] Judge's order, falsifying government records, violation of the constitutional rights of a pretrial detainee, manipulation at an Autopsy report, in order to gain probable cause meets the criteria of special circumstances." [ECF No. 14 at 3.] Also, in his objections, Petitioner seems to argue some documents have been falsified in connection with the change in counsel in his case, which leads him to speculate other documents could be fraudulent. *Id.* at 2–3. In the letters filed since his objections, Petitioner inquires about

the status of this case, offers additional information about his claims, or attempts to raise new issues connected with this matter. [*See* ECF Nos. 18, 19, 21, 22, 23, 24, 25, 27, 28.]

None of Petitioner's objections have any bearing on the conclusion that the Younger abstention doctrine precludes this court from interfering in Petitioner's state criminal action. The issues Petitioner articulates can be raised as part of his criminal trial or, if he is convicted, in a post-conviction relief action. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). There is no indication that Petitioner will not have an adequate opportunity to raise his claims. *See Martin Marietta Corp.*, 38 F.3d 1392, 1396 ("The [*Younger*] doctrine . . . recognizes that state courts are fully competent to decide issues of federal constitutional law." (citing *Lynch v. Snepp*, 472 F.2d 769, 774 (4th Cir. 1973))). Furthermore, to the extent Petitioner has raised a speedy trial claim in this action, there is no indication he has filed anything in the state court to enforce that right. *See Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970) (finding a petitioner must seek to enforce his right to a speedy trial in state court and then seek dismissal of his charges based on an unconstitutional delay before proceeding on the same claim in habeas). Additionally, the information provided by Petitioner in his other case before this court suggests the State has attempted to proceed with the criminal trial but defense counsel has delayed the matter. [*See* Case No. 4:23-cv-00135-SAL, ECF No. 13-2 at 11–12.] In any event, Petitioner has informed the court he is scheduled to be tried in April 2023. [*See* Case No. 4:23-cv-00135-SAL, ECF No. 13-2 at 7.] The court agrees with the Magistrate Judge that Petitioner's claims may be raised in state court through motions, and this court is precluded from interfering in the state criminal matter at this point. To the extent Petitioner has raised any specific objections to the Report, those objections are overruled.

There are procedures in place that protect Petitioner's constitutional rights without this court's pre-trial intervention, and the court finds Petitioner will not suffer irreparable injury by this court's dismissal of his petition. *See Gilliam*, 75 F.3d at 903; *Younger*, 401 U.S. at 43–44. Consequently, this court abstains from intervening in Petitioner's ongoing state proceedings.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 12. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

March 27, 2023                                                          s/ Sherri A. Lydon
Columbia, South Carolina                                      United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."